ROBERT H. McBRIDE & COMPANY, INC., Plaintiff, *v.* DWIGHT FISKE, Defendant.

Supreme Court, Trial Term, New York County, December 16, 1947.

*Campbell, Harding, Goodwin & Danforth* for plaintiff.

*Wittenberg, Carrington & Farnsworth* for defendant.

STEUER, J.   Plaintiff is the publisher and defendant the author of a book entitled " Why Should Penguins Fly." In the contract between them defendant agreed " To keep the publishers safe, whole and harmless from all damage, hurt and expense of every nature, kind and description whatsoever arising from any claims or infringement of copyright or from any matter or thing contained in said work." The " said work " referred to was of a supposedly humorous nature, consisting of verses narrating the sexual misadventures of various people—some real, some imaginary. It is inconceivable that any financially responsible person would publish or offer for publication such a book without adequate safeguards from the persons referred to in it. Despite these precautions it appears that one Phillip H. Pratt, who was not mentioned in the book but who bore the same name as one of the central characters in one of the episodes, brought suit for libel against plaintiff, defendant and plaintiff's president and received a verdict in the sum of $6,000. After the return of the verdict the court directed the jury to apportion the damages among the three defendants there, and the jury did so, assessing each defendant $2,000. Plaintiff and defendant each paid the judgment and plaintiff settled the judgment against its president for the sum of $1,500. This suit is for recoupment of the amounts paid in satisfaction of the judgments together with a counsel fee for defending the action, which fee was reasonable for the work involved.

Defendant resists this suit on the ground that the parties were joint tort-feasors and that the language used was not sufficient to impose liability. The development of the argument of this contention discloses a statement of the law with which the court is in entire accord. The language imposes a liability for the matter in the book, and the participation of the plaintiff in the publication of the libel by virtue of the printing and distribution of the book does not affect the situation. The agreement does not bind defendant for the consequences of any independent act of plaintiff even in furtherance of the sale of the book.

To show that plaintiff was cast in damages for its independent act defendant relies on two circumstances. The libel action was grounded not only on the book but on a jacket prepared for the book by the plaintiff. Secondly, the rendering of the separate verdicts, to which the parties did not object, indicates that each was being charged for his individual wrong. These facts do not support the premise. As far as the plaintiff in the libel action is concerned the jacket does not mention him, either by name or reference. The purport of the matter on the jacket is to advertise the author. While it is true that the complaint in the libel action makes specific mention of the jacket, where, as here, it is manifest that the jacket could not contribute to the libel, the preparation and dissemination of it did not constitute an independent act. As to the separate verdicts, this court is at a loss to either explain the procedure or to accord it any significance.

There remains for consideration whether the amount paid in satisfaction of the judgment against plaintiff's president is a proper item of damage. The proof is clear that the president acted in the premises solely as agent for the plaintiff. The rule is that for acts so performed, unless manifestly wrong, the agent is entitled to indemnity.

Judgment for plaintiff for $5,155.94 with interest as demanded.